COPY

1  STEVEN S. RICHTER, State Bar No. 171205
   LINDA L. GOODMAN, State Bar No. 137886
2  GOODMAN & RICHTER, LLP
   501 West Broadway, Suite 1720
3  San Diego, California 92101
   Telephone:   (619) 233-3535
4  Facsimile:   (619) 233-3599

5  KENNETH B. WILSON, State Bar No. 130009
   SARAH E. PIEPMEIER, State Bar No. 227094
6  PERKINS COIE LLP
   180 Townsend Street, 3rd Floor
7  San Francisco, California 94107-1909
   Telephone:   (415) 344-7000
8  Facsimile:   (415) 344-7050

9  Attorneys for Plaintiff OptInRealBig.com, LLC

10

11                UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                     SAN FRANCISCO DIVISION         C 04 1687

14  OPTINREALBIG.COM, LLC, a Nevada          CASE NO.
    Limited Liability Company,
15                                           COMPLAINT FOR DAMAGES AND
                  Plaintiff,                 INJUNCTIVE RELIEF
16
        v.                                   DEMAND FOR JURY TRIAL
17
    IRONPORT SYSTEMS, INC. dba
18  SPAMCOP.NET, INC., a Delaware
    Corporation registered to do and doing business
19  in California and DOES 1 through 100,
    inclusive,
20
                  Defendants.
21

22         Complainant OptInRealBig.com, LLC (hereinafter "OptIn") hereby alleges for its

23  Complaint against Defendants Ironport Systems, Inc., dba SpamCop.net, Inc. (hereinafter

24  "SpamCop" or "Defendant"), and DOES 1 through 100, on personal knowledge as to its own

25  activities and on information and belief as to the activities of others, as follows:

26

27

28
    COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
    DEMAND FOR JURY TRIAL                                              [09901-0001/BY041200.036]
    CASE NO.

## JURISDICTION AND VENUE

1. This is an action for Tortious Interference with Contract, Interference with Contractual Relationship, Intentional Interference with Prospective Economic Advantage, Negligent Interference with Prospective Economic Advantage, Unfair Competition, Trade Libel, and Injunctive Relief.

2. OptIn is a Nevada Limited Liability Company registered to do business and doing business in Colorado with its principal place of business in Denver, Colorado.

3. OptIn is informed and believes and thereon alleges that Defendant Ironport Systems, Inc. is a Delaware Corporation, registered to do business and doing business in California, with its principal place of business at 1100 Grundy Lane, San Bruno, California (San Mateo County). OptIn is informed and believes that Ironport does such business under the fictitious business name of SpamCop.

4. The true names and capacities of Defendants named herein as DOES 1 - 100, inclusive, whether individual, corporate, associate, or otherwise, are unknown to OptIn who therefore sues such Defendants by such fictitious names. OptIn will amend this Complaint to show true names and capacities when they have been determined.

5. At all relevant times, Defendant DOES 1 - 100, inclusive, were the agents, servants, and employees of Defendant and in doing the things hereinafter mentioned were acting within the scope of their authority as such agents, servants and employees and, with the knowledge, permission and consent of all other Defendants.

6. This Court has jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. Section 1332, in that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

7. Venue is proper in this district pursuant to 28 U.S.C. Section 1391(a).

- 2 -
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
DEMAND FOR JURY TRIAL
CASE NO.

[09901-0001/BY041200.036]

## INTRADISTRICT ASSIGNMENT

8. This action is properly filed in the San Francisco Division of the U.S. District Court for the Northern District of California pursuant to Civil Local Rule 3-2(c) because a substantial part of the events giving rise to the claims set forth in this Complaint occurred in San Francisco County.

## PARTIES

9. OptIn is in the business of sending email advertisements to consumers who either directly subscribe and request the information or indirectly subscribe by giving their express or implied consent through visitation to various websites. OptIn does this business on a commercial level, sending millions of emails each day. OptIn is in full compliance with all federal legislation regulating the sending of bulk commercial email. In addition, OptIn has developed proprietary software that allows real time communications with those who wish to "opt out" and cease receiving commercial email, and thereby permanently eliminates such person's email addresses from the sending databases immediately upon receipt of such a request.

10. OptIn contracts with Internet Service Providers ("ISPs") to provide OptIn bandwidth (bandwidth is similar to telephone lines, it allows for the flow of electronic communication) so that OptIn may meet its contractual terms to send email advertisements on behalf of OptIn and its customers.

11. SpamCop is in the business of notifying various ISPs, as well as other interested parties, that an email recipient has received an email that they consider to be "spam." In addition, Ironport Systems, Inc. sells products that provide for the sending of bulk commercial emails by their customers that will not be blocked by filtering software used by the intended recipients of the emails ("Bonded Sender Program").

- 3 -
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
DEMAND FOR JURY TRIAL
CASE NO.

[09901-0001/BY041200.036]

## GENERAL ALLEGATIONS

12. On or about February 20, 2003 OptIn entered into a contract for the purchase of bandwidth with Optigate Networks, Inc. ("Optigate ISP").

13. In or about March, 2003 Optigate ISP began receiving email ("Complaints") from Defendant SpamCop. The emails allegedly contained Complaints from anonymous persons or entities who had received email from Plaintiff OptIn and claimed that they did not request such email. However, SpamCop intentionally deleted the email address of the person or entity who received the email, thereby rendering the complaint anonymous.

14. These same Complaints were also sent to ISPs that either OptIn or Optigate ISP had contractual relations with, and/or were also sent to ISPs that OptIn nor Optigate had current relationships with, but were part of the bandwidth network on which all ISPs rely.

15. Both OptIn and Optigate ISP repeatedly notified SpamCop that these Complaints should only be sent to OptIn so that corrective action, if required, could be taken by OptIn. Neither Optigate ISP nor the other ISPs could take any corrective action because SpamCop had rendered the Complaint to be anonymous.

16. SpamCop refused to comply with the requests of OptIn or Optigate ISP.

17. OptIn also notified SpamCop that SpamCop was not following SpamCop's posted policies of how these Complaints were to be distributed. OptIn further notified SpamCop that the Complaints that SpamCop was sending to ISPs were in most cases, duplicative, wherein one unique Complaint was sent six times, making it appear that the number of Complaints was greater than what was actually received. Further, such conduct was erroneous in that OptIn only sends e-mail to people who have provided consent, and therefore the originators of the Complaints did not receive "spam" from OptIn.

18. SpamCop again refused to comply with OptIn's requests to correct the errors identified by OptIn. The result was that Complaints that were false, misleading, and deceptive were sent to ISPs.

- 4 -
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
DEMAND FOR JURY TRIAL
CASE NO.

[09901-0001/BY041200.036]

19. The actions by SpamCop, described herein, have caused ISPs to terminate their contracts with OptIn, refuse to do business with OptIn, and/or place restrictions on OptIn's ability to meet its contractual obligations with OptIn's customers.

## FIRST CAUSE OF ACTION
### (Tortious Interference with Contract)

20. OptIn realleges and incorporates herein by reference each of the allegations contained in Paragraphs 1 through 19, inclusive as though fully set forth herein.

21. There exist valid contracts between OptIn and third parties as set forth above. Defendants had full knowledge of these contracts and at the time undertook the actions alleged herein intended to induce such Third Parties to breach their contracts with OptIn.

22. Defendants have caused breach and disruption of the above identified contracts as set forth above, and without justification.

23. As a direct result of Defendants' conduct, OptIn have suffered and will continue to suffer economic damages in a sum according to proof at trial, but not less than $150,000.

## SECOND CAUSE OF ACTION
### (Interference with Contractual Relationship)

24. OptIn realleges and incorporates herein by reference each of the allegations contained in Paragraphs 1 through 23, inclusive as though fully set forth herein.

25. OptIn is informed and believes and thereon alleges that Defendants already have and will continue to wrongfully advise, counsel, persuade or otherwise induce various OptIn ISPs and their clients to breach and/or suspend their agreements with OptIn as alleged above. Further, OptIn is informed and believes and thereon alleges that Defendants' actions were intended solely to induce such ISPs and customers to disrupt their contractual relationships with OptIn.

26. OptIn is informed and believes and thereon alleges that Defendants' actions as alleged above have or threaten to alter and/or disrupt OptIn's contractual relationships with its providers, customers and potential customers. OptIn has suffered and continues to suffer

- 5 -
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
DEMAND FOR JURY TRIAL
CASE NO.

[09901-0001/BY041200.036]

damages proximately caused by Defendants' conduct in an amount to be proven at the time of trial, but not less than $150,000.

27. Further, Defendants' intentional, willful and malicious conduct herein described was done with a conscious disregard of OptIn's rights and with the intent to vex, harass, annoy and injure OptIn, entitling OptIn to punitive damages pursuant to Civil Code § 3294.

## THIRD CAUSE OF ACTION
### (Intentional Interference with Prospective Economic Advantage)

28. OptIn realleges and incorporates herein by reference each of the allegations contained in Paragraphs 1 through 27, inclusive as though fully set forth herein.

29. OptIn is informed and believes and thereon alleges that Defendants already have and continue to wrongfully advise, counsel, persuade or otherwise induce various OptIn's ISPs and customers to suspend and/or disrupt their business relationships or potential future business relationships with OptIn. Further, OptIn is informed and believes that Defendants' actions were intended solely to disrupt OptIn's prospective economic advantage with their providers, customers and potential customers.

30. OptIn is informed and believes and thereon alleges that Defendants' actions as alleged above have or threaten to alter and/or disrupt OptIn's prospective economic advantage with their providers, customers and potential customers. OptIn has suffered and is suffering damages proximately caused by Defendants' conduct in an amount to be proven at the time of trial, but not less than $150,000.

31. Further, Defendants' intentional, willful and malicious conduct herein described was done with a conscious disregard of OptIn's rights and with the intent to vex, harass, annoy, and injure OptIn, entitling OptIn to punitive damages pursuant to Civil Code § 3294.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
DEMAND FOR JURY TRIAL
CASE NO.

[09901-0001/BY041200.036]

## FOURTH CAUSE OF ACTION
### (Negligent Interference with Prospective Economic Advantage)

32. OptIn realleges and incorporates herein by reference each of the allegations contained in Paragraphs 1 through 31, inclusive as though fully set forth herein.

33. OptIn is informed and believes and thereon alleges that Defendants already have and continue to wrongfully advise, counsel, persuade or otherwise induce various OptIn's ISPs, customers to suspend and/or disrupt their business relationships or potential future business relationships with OptIn. Further, OptIn is informed and believes that Defendants' actions disrupted OptIn's prospective economic advantage with their providers, customers and potential customers.

34. OptIn is informed and believes and thereon alleges that Defendants' actions as alleged above have or threaten to alter and/or disrupt OptIn's prospective economic advantage with their providers, customers and potential customers. OptIn has suffered and are suffering damages proximately caused by Defendants' conduct in an amount to be proven at the time of trial, but not less than $150,000.

## FIFTH CAUSE OF ACTION
### (Unfair Competition under Business and Professions Code Section 17200 *et.al.*)

35. OptIn realleges and incorporates herein by references each of the allegations contained in Paragraphs 1 through 34, inclusive as though fully set forth herein.

36. Defendants' conduct described herein constitutes unfair, unlawful and fraudulent *et. seq.* business practices in violation of California Business and Professions Code section 17200 *et. seq.*

37. As set forth herein above, Defendants' wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to OptIn in that OptIn's reputation throughout the nation will be disparaged resulting in immeasurable losses. Furthermore, OptIn's business is continually interrupted. OptIn has no adequate remedy at law for the injuries being suffered. It will be impossible for OptIn to determine the precise

- 7 -
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
DEMAND FOR JURY TRIAL
CASE NO.

[09901-0001/BY041200.036]

1  amount of damage that it will suffer if Defendants' conduct is not restrained.

## SIXTH CAUSE OF ACTION
### (Trade Libel)

38. OptIn realleges and incorporates herein by reference each of the allegations contained in Paragraphs 1 through 37, inclusive as though fully set forth herein.

39. OptIn is informed and believes and thereon alleges that beginning with calendar year 2003 and continuing to present, Defendants caused to be published false and non-privileged communications tending to directly reflect negatively on OptIn's business and professional reputation as set forth herein above for the purpose of inducing others not to conduct business with OptIn.

40. Defendants knew the statements made herein were false and acted with reckless disregard of their falsity.

41. As a proximate result of Defendants' defamatory statements about OptIn as alleged herein, OptIn suffered a pecuniary loss in a sum according to proof at trial, but not less than $150,000.

42. Defendants undertook the acts and omissions herein alleged maliciously, willfully and with the intent to injure and oppress OptIn. Therefore, OptIn is entitled to exemplary and punitive damages in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION
### (Injunctive Relief)

43. OptIn realleges and incorporates herein by references each of the allegations contained in Paragraphs 1 through 42, inclusive as though fully set forth herein.

44. As set forth herein above, Defendants conspired to and in fact have annoyed, vexed, harassed and defamed OptIn. Defendants' wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to OptIn in that OptIn's reputation throughout the nation will be disparaged resulting in immeasurable losses. Furthermore, OptIn's business is continually interrupted. OptIn has no adequate remedy at law

- 8 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
DEMAND FOR JURY TRIAL
CASE NO.

[09901-0001/BY041200.036]

1  for the injuries being suffered. It will be impossible for OptIn to determine the precise amount of
2  damage that it will suffer if Defendants' conduct is not restrained.

3      45.    OptIn therefore requests a temporary restraining order, a preliminary injunction,
4  and a permanent injunction, all enjoining Defendants from (1) making any slanderous or libelous
5  statements pertaining to OptIn; (2) directly or indirectly transmitting or sending Complaints it
6  receives regarding OptIn (and its subsidiaries, divisions, companies, etc.) to anyone other than
7  OptIn's originating ISP; (3) removing the e-mail addresses from Complaints it receives regarding
8  OptIn and its subsidiaries, divisions, companies, etc.; and (4) otherwise engaging in the unlawful
9  conduct set forth in this Complaint.

11      WHEREFORE, OptIn prays for judgment against Defendants as follows:
12      A.    General Compensatory Damages according to proof at time of trial;
13      B.    Punitive damages in an amount appropriate to punish Defendants and deter others
14  from engaging in similar misconduct, according to proof;
15      C.    Restitution of all revenues, compensation, benefits, remuneration and profits
16  derived from Defendants' wrongful conduct;
17      D.    An accounting and payment to OptIn for all gains, profits, and savings derived
18  from Defendants' improper and illegal conduct;
19      E.    For an order requiring Defendants to show cause, if any, why they should not be
20  enjoined as hereinafter set forth, during the pendency of this action and thereafter;
21      F.    A temporary restraining order, a preliminary injunction, and a permanent
22  injunction, all enjoining Defendants from (1) making any slanderous or libelous statements
23  pertaining to OptIn; (2) directly or indirectly transmitting or sending Complaints it receives
24  regarding OptIn (and its subsidiaries, divisions, companies, etc.) to anyone other than OptIn's
25  originating ISP; (3) removing the e-mail addresses from Complaints it receives regarding OptIn
26  and its subsidiaries, divisions, companies, etc.; and (4) otherwise engaging in the unlawful
27  conduct set forth in this Complaint;

28

- 9 -
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
DEMAND FOR JURY TRIAL
CASE NO.

[09901-0001/BY041200.036]

1  G. Costs of suit incurred herein;

2  H. Interest on sums due; and

3  I. For such other and further relief as the court may deem fair and equitable.

Dated: April 29, 2004

**PERKINS COIE** LLP

By: /s/ Kenneth B. Wilson
Kenneth B. Wilson,
Attorneys for Complainant
OptInRealBig.com, LLC

- 10 -
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
DEMAND FOR JURY TRIAL
CASE NO.

[09901-0001/BY041200.036]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Complainant hereby demands a trial by jury.

Dated: April 29, 2004

**PERKINS COIE LLP**

By: *Kenneth B Wil* [signature]
Kenneth B. Wilson,
Attorneys for Complainant
OptInRealBig.com, LLC

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
DEMAND FOR JURY TRIAL
CASE NO.

[09901-0001/BY041200.036]